Patricia BAUERLE, Plaintiff–
Appellant,

v.

CITY OF TUCSON; et al.,
Defendants–Appellees.

No. 06–15413.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007.*

Filed June 14, 2007.

Patricia Bauerle, Tucson, AZ, pro se.

Michael E. Owen, Esq., City Attorney's Office, Richard P. Broder, DAG, Office of the Arizona Attorney General, Liability Management Section, Tucson, AZ, for Defendants–Appellees.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Patricia Bauerle appeals pro se the dismissal on res judicata grounds of her 42 U.S.C. § 1983 suit against the City of Tucson, the Tucson City Court, various judges of the Tucson City Court, the State of Arizona, and U.S. District Judge Cindy K. Jorgenson. We review the dismissal de

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

novo. *Manufactured Home Communities Inc. v. City of San Jose,* 420 F.3d 1022, 1025 (9th Cir.2005). We may affirm on any proper ground supported by the record regardless of whether the district court reached the issue or relied on alternative grounds. *Wright v. Riveland,* 219 F.3d 905, 912 (9th Cir.2000).

Res judicata applies whenever three elements are satisfied: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties. *Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1077 (9th Cir.2003). Bauerle's previous action [1] was dismissed with prejudice and thus constituted a final judgment on the merits. *See Stewart v. U.S. Bancorp,* 297 F.3d 953, 956 (9th Cir.2002). Because Bauerle is the sole plaintiff in both suits, "[t]here can be no question that [she] already had a complete opportunity to litigate [her] claims." *See Tahoe Sierra Pres. Council,* 322 F.3d at 1081. However, the identity of claims element is not satisfied as to all of Bauerle's claims.

"Identity of claims exists when two suits arise from 'the same transactional nucleus of facts.'" *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.,* 298 F.3d 1137, 1142 n. 3 (9th Cir.2002). The majority of Bauerle's claims arise out of her being prosecuted for and convicted of two misdemeanors in Tucson City Court and are identical to those raised in her prior federal suit. This includes her claims that Arizona's misdemeanor statutes violate the Eighth Amendment's prohibition on cruel and unusual punishment, since her previ-

1. This is Bauerle's third action arising out of her conviction on two misdemeanors in Tucson City Court. Prior to this suit, Bauerle filed nearly identical suits in both state and federal court. Our analysis focuses on the res judicata effect of the previous federal action.

ous complaint included identical—though less detailed—allegations. *See Tahoe Sierra Pres. Council,* 322 F.3d at 1078. Since all three elements of res judicata are satisfied for these claims, they were properly dismissed.

Identity of claims is not satisfied for Bauerle's claims regarding three issues: (1) the adjudication of her previous federal action by Judge Jorgenson; (2) her unsuccessful state appeal and the alleged inadequacy of the state appeals process; and (3) her arrest for trespassing and subsequent proceedings. Claims regarding each of these issues arise out of separate transactional nuclei of facts that did not exist at the time Bauerle filed her amended complaint in the prior suit. Application of res judicata to these claims was therefore error. *See id.* at 1078.

The claims against Judge Jorgenson are barred by judicial immunity, as they involve only her rulings. *See Meek v. County of Riverside,* 183 F.3d 962, 965–66 (9th Cir.1999). Dismissal of these claims was proper.

All but one of Bauerle's claims related to her failed state appeal and the trespassing charge are barred by the *Rooker–Feldman* doctrine, which prohibits claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). We affirm the dismissal of these claims.

The *Rooker–Feldman* doctrine does not, however, prohibit district court review of claims alleging the unconstitutionality of a statute or rule since such claims "do not require review of a judicial decision." *Dis-*

trict of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 487, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *see also id.* at 483–84, 103 S.Ct. 1303. Bauerle's claim that Arizona's service rules are unconstitutional thus falls outside the scope of the *Rooker–Feldman* doctrine.

However, with respect to this claim, the complaint specifically names only the State of Arizona as defendant. States are not "persons" subject to suit under 42 U.S.C. § 1983, *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), and the State of Arizona has not consented to this suit. Dismissal of this claim was therefore proper. *See Powelson v. United States,* 150 F.3d 1103, 1105 (9th Cir.1998).

**AFFIRMED.**