On petition for reconsideration of plaintiffs-appellants Ram Technical Services, Inc., Charles Stalnaker and Susan Stalnaker filed November 28, defendants-respondents/cross-appellants John J. Koresko; Ram Technical Services Voluntary Employees' Beneficiary Association; Regional Employers' Assurance Leagues Voluntary Employees' Beneficiary Association; and Penn-Mont Benefit Services, Inc.'s, response to plaintiffs-appellants' petition for reconsideration filed December 5, and respondent Great Southern Life Insurance Company's response to appellants' petition—reconsideration filed December 12, 2007, reconsideration allowed; former opinion (215 Or App 449, 171 P3d 374 (2007)) clarified and adhered to as clarified January 23, petition for review allowed May 29, 2008 (344 Or 558)

RAM TECHNICAL SERVICES, INC.,
an Oregon corporation;
Charles Stalnaker; and Susan Stalnaker,
*Plaintiffs-Appellants*
*Cross-Respondents,*

*v.*

John J. KORESKO;
Ram Technical Services Voluntary
Employees' Beneficiary Association;
Regional Employers' Assurance Leagues Voluntary
Employees' Beneficiary Association;
and Pennmont Benefit Services, Inc.,
a Pennsylvania corporation,
*Defendants-Respondents*
*Cross-Appellants,*

*and*

GREAT SOUTHERN LIFE INSURANCE COMPANY,
a Texas corporation;
The Corben Educational Services, Inc.,
an Oregon corporation;
and Thomas W. Crosswhite,
*Defendants-Respondents.*

Clackamas County Circuit Court
CV04100199; A130143

177 P3d 10

William F. Gary, Susan D. Marmaduke, and Harrang Long Gary Rudnick P.C. for petition.

Scott J. Kaplan for respondents-cross-appellants' response.

R. Daniel Lindahl and Bullivant Houser Bailey PC for respondent Great Southern Life Insurance Company's response.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

HASELTON, P. J.

### HASELTON, P. J.

Plaintiffs petition for reconsideration of our decision in *Ram Technical Services, Inc. v. Koresko*, 215 Or App 449, 171 P3d 374 (2007). There, we affirmed the trial court's dismissal of plaintiffs' common-law fraud claim, concluding that that claim was barred by claim preclusion arising from the disposition of prior federal litigation between the parties. *Id.* Plaintiffs contend, on reconsideration, that our determination as to claim preclusion was based on an erroneous premise, *viz.*, that the federal district court had dismissed the prior litigation between the parties on the merits, rather than for lack of federal jurisdiction. We allow reconsideration to explain why that premise was not erroneous and, with that clarification, adhere to our original opinion.

To reset the context, we briefly restate the pertinent circumstances, as described in our original opinion. In July 2003, plaintiffs brought an action in the United States District Court for the District of Oregon asserting claims against defendants under the Employee Retirement Income Security Act of 1974 (ERISA). Plaintiffs alleged that defendants had fraudulently induced plaintiffs into establishing a retirement plan with defendants, that the retirement plan was "an employee welfare benefit plan created pursuant to the provisions of" ERISA, and that "[r]escission of an ERISA plan, the formation of which was induced by fraud, is 'appropriate equitable relief' under 29 USC § 1132(a)(3)(B)." *Id.* at 453 (internal quotation marks omitted). Defendants subsequently moved for dismissal of those claims on a variety of grounds, including failure to state a claim, FRCP 12(b)(6). In April 2004, the federal district court, in an "Opinion and Order," granted defendants' motion, explaining that, for several reasons, ERISA does not "govern a dispute about whether a formation defect vitiates a putative agreement establishing a benefits plan." *Id.* at 453-54 (internal quotation marks omitted). For a variety of reasons, the federal district court did not immediately enter a judgment of dismissal. On February 28, 2005, the court issued a minute order memorializing the dismissal. That order stated: "On 4/15/04 this court granted a motion to dismiss [plaintiffs'] claims *due*

*to a lack of federal jurisdiction."* (Emphasis added.) Plaintiffs did not appeal that disposition.

Meanwhile, in October 2004, plaintiffs had filed this action in Clackamas County Circuit Court, alleging a claim of common-law fraud that was "based on the same circumstances, specifically, defendants' alleged misrepresentations and plaintiffs' alleged detrimental reliance on those representations, which were the bases of plaintiffs' claims in the federal litigation." 215 Or App at 454.[1] Defendants moved for summary judgment on a variety of grounds, including claim preclusion and untimeliness based on the statute of limitations. In opposing summary judgment, plaintiffs contended, in part, that the basis of the federal court's dismissal was "jurisdictional," and, thus, that dismissal was on a ground "not adjudicating the merits." As support for that proposition, plaintiffs relied on the portion of the federal district court's minute order that is emphasized above.

In apparent response to plaintiffs' reliance on that language of the minute order, defendants returned to the federal court and sought "correction" and "clarification" of that order. In June 2005, the district court, while declining to "correct" the minute order, issued an order that gave the following clarification:

"As specified in the court's written Opinion and Order, [plaintiffs'] Complaint was dismissed for failure to state a cognizable ERISA claim. While the absence of a federal question rendered the court without subject matter [jurisdiction] over the substance of plaintiffs' allegations, the *basis for the dismissal of plaintiffs' claims was nonetheless the failure to state a claim for which relief could be granted.* The court's opinion, of course, is limited to plaintiffs' claims asserted under ERISA."

(Emphasis added.)

The trial court in this case subsequently dismissed plaintiffs' claims on alternative grounds of claim preclusion and untimeliness under the statute of limitations. *Ram*

---

[1] As we stated in our original opinion, "the allegations of the parties' conduct were a virtual 'cut-and-paste' of the parallel, operative allegations in the federal court complaint[.]" 215 Or App at 454.

*Technical Services, Inc.*, 215 Or App at 455. We affirmed on the ground of claim preclusion and did not address the alternative statute of limitations ground. *Id.* at 456-64.

Plaintiffs move for reconsideration, asserting that our decision was based on a "factual error." ORAP 6.25(1)(a). They contend that (1) claim preclusion applies only if the dismissal of the prior litigation was "on the merits"; (2) the federal district court's dismissal of the prior litigation here was not on the merits but was, instead, for lack of jurisdiction; and (3) consequently, our determination that claim preclusion applied must have been based on the erroneous premise that the dismissal of the prior federal litigation was "on the merits" when, in fact, it was for lack of jurisdiction. In a related sense, plaintiffs further contend that, because the federal district court lacked jurisdiction over the ERISA claims, that court could not have exercised supplemental jurisdiction over the common-law fraud claim pleaded in this action.

Our determination as to claim preclusion was not based on an erroneous premise—factual or otherwise. Under controlling law, the federal district court's dismissal of the prior litigation was a dismissal for failure to state a claim pursuant to FRCP 12(b)(6) and, hence, was a "judgment on the merits."

■■ As specified in the federal district court's June 2005 order of clarification, "the basis for the dismissal of plaintiffs' claims was * * * failure to state a claim for which relief could be granted." Federal courts deem dismissals based on failure to state a claim to constitute a "judgment on the merits." *See, e.g., Federated Department Stores, Inc. v. Moitie*, 452 US 394, 399 n 3, 101 S Ct 2424, 69 L Ed 2d 103 (1981) ("[D]ismissal for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" (Citations omitted.)); *Stewart v. U.S. Bancorp*, 297 F3d 953, 957 (9th Cir 2002) ("Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies."); *see also Bell v. Hood*, 327 US 678, 682, 66 S Ct 773, 90 L Ed 939 (1946) ("Jurisdiction * * * is not defeated * * * by the possibility that the averments might fail to state a cause of action on which

petitioners could actually recover. * * * If the court * * * exercise[s] its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.").

Further, and particularly, dismissal of an ERISA claim in circumstances directly analogous to those here is properly treated as a dismissal on the merits. *See Cement Masons Health and Welfare Trust Fund v. Stone*, 197 F3d 1003, 1005-08 (9th Cir 1999). In *Cement Masons Health and Welfare Trust Fund*, the Ninth Circuit held that "a dismissal of an ERISA claim under § 1132(a)(3) is properly a dismissal on the merits rather than a dismissal for want of subject matter jurisdiction." *Id*. at 1008. It reasoned that

"[t]he failure to state a federal claim, either on the pleadings or the facts, is not the same thing as a failure to establish subject matter jurisdiction. Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits."

*Id*.

That reasoning controls here.

Reconsideration allowed; former opinion clarified and adhered to as clarified.