MEMORANDUM **
Gustave Link appeals pro se from the district court’s judgment dismissing his action alleging that officials of his union and a joint labor-management training committee conspired to terminate him from an apprenticeship training program in retaliation for his criticism of union officials. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Vasquez v. Los Angeles County, 487 F.Sd 1246, 1249 (9th Cir.2007). We affirm.
The district court properly dismissed Link’s claims against Douglas McCarron because neither the complaint nor the amended complaint alleges facts sufficient to create an agency relation between McCarron and the Northern California Carpenters Regional Council. See Laughon v. Int’l Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists & Allied Crafts of the U.S. & Canada, 248 F.3d 931, 935 (9th Cir.2001) (“[I]f the local [union] exercises considerable autonomy in conducting its affairs, it cannot be regarded as an agent of the international [union], and the international accordingly cannot be held liable under an agency theory for the local’s actions.”).
The district court properly dismissed Link’s claims for retaliation under the Labor Management Reporting and Disclosure Act because Link failed to exhaust internal union remedies with respect to these allegations, or to demonstrate that *626 exhaustion would have been futile. See 29 U.S.C. § 411(a)(4); Buzzard v. Local Lodge 1040 Int'l Ass’n of Machinists & Aerospace Workers, 480 F.2d 35, 41 (9th Cir.1973) (“We start with the proposition that generally a member aggrieved by an act of his union must exhaust his intra-union remedies in the absence of a showing that it would be futile or that the remedies are inadequate.”) (internal quotation marks omitted).
The district court properly dismissed Link’s 42 U.S.C. § 1985(3) claim because Link did not allege that he was terminated from the apprenticeship program on account of discriminatory animus against persons with disabilities. See Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971) (in order to support a cause of action arising from a private conspiracy in violation of § 1985(3), “there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators’ action”).
The district court properly dismissed Link’s Americans with Disabilities Act claim because he failed to exhaust administrative remedies under 42 U.S.C. § 2000e-5. See § 42 U.S.C. § 12117(a).
Link’s remaining contentions are unpersuasive.
The parties’ requests for judicial notice are denied.
Appellees’ request for attorneys’ fees is denied. See Fed. RApp. P. 38 (request for attorneys’ fees must be made in a “separately filed motion”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.