**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUSTAVE WILLIAM LINK, | No. 10-16899 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-01382-MHP |
| v. | |
| PILE DRIVERS UNION LOCAL 34; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Gustave William Link appeals pro se from the district court's judgment

dismissing his action alleging, among other claims, violations of the Labor

Management Reporting and Disclosure Act (the "Act").  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002), and may affirm on grounds supported by the record, *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008).  We affirm.

Dismissal of Link's claims under the Act was proper based on collateral estoppel because Link litigated the issue of whether he had failed to exhaust his intra-union remedies as to this claim in a prior litigation.  *See Link v. Rhodes*, 315 Fed. Appx. 624, 625-26 (9th Cir. 2009); *see also Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.*, 114 F.3d 848, 850-51 (9th Cir. 1997) (setting forth elements of collateral estoppel and noting that it applies even where dismissal is not on the merits of the underlying claims if "the issue that led to dismissal was adjudicated on *its* merits and was conclusively determined").

Link's remaining contentions are unpersuasive.

Arguments raised for the first time on reply, along with other issues not expressly addressed in Link's opening brief, and are deemed waived.  *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010).

**AFFIRMED.**