MEMORANDUM **
Thom Shiraishi appeals pro se from the district court’s judgment dismissing his action against the government as barred by the doctrine of res judicata. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir.2002) (res judicata); Abraham v. Norcal Waste Sys. Inc., 265 F.3d 811, 819 (9th Cir.2001) (motion to remand). We affirm.
The district court properly dismissed Shiraishi’s claims arising from the government’s foreclosure of his property because Shiraishi could have, and should have, raised these claims in the prior foreclosure action. See Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (barring under res judicata all claims based on the same “transactional nucleus of facts” which “could have been asserted, whether they were or not, in a prior suit between the same parties”) (citation omitted); see also Fed.R.Civ.P. 13(a) (requiring parties to “state as a counterclaim any claim that ... arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim”).
The district court properly denied Shiraishi’s motion to remand because the U.S. Attorney certified that the named federal employees were acting within the scope of their employment at the time of the incident. See 28 U.S.C. § 2679(d)(2); Osborn v. Haley, 549 U.S. 225, 231, 127 S.Ct. 881, 166 L.Ed.2d 819 (2007) (holding that “cer- *588 tifícation is conclusive for purposes of removal, i. e., once certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court”).
Shiraishi’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.