MICHAEL DUNN,

        Plaintiff - Appellant,

v.

JAMES NOE; et al.,

        Defendants - Appellees.

No. 09-16136

D.C. No. 3:07-cv-03559-JCS
Northern District of California,
San Francisco

ORDER

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

The panel construes Dunn's "motion for reconsideration" as a petition for panel rehearing.

The first sentence of the memorandum disposition is amended to read as follows:

> "Michael Dunn appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action seeking punitive damages arising from the seizure of property by law enforcement in March 1993."

The amended memorandum disposition is filed concurrently with this order.

Dunn's petition is otherwise denied.

No further filings shall be accepted in this closed case.

FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL DUNN,<br><br>            Plaintiff - Appellant,<br><br>    v.<br><br>JAMES NOE; et al.,<br><br>            Defendants - Appellees. | No. 09-16136<br><br>D.C. No. 3:07-cv-03559-JCS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge,[**] Presiding

Submitted September 13, 2010[***]
Filed October 7, 2010
Amended January 18, 2011

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

    Michael Dunn appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action seeking punitive damages arising from the seizure of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The parties consented to the jurisdiction of the magistrate judge.

    [***]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

property by law enforcement in March 1993. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed the action as barred by the doctrine of res judicata because Dunn has already litigated his claims arising from the seizure of his property in March 1993. *See Dunn v. Noe*, No. 02-16849, 2003 WL 1506488 (9th Cir. Mar. 19, 2003); *Dunn v. County of Mendocino*, No. A119341, 2008 WL 5156484 (Cal. Ct. App. Dec. 9, 2008); *see also Stewart*, 297 F.3d at 956 (describing elements of res judicata); *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (under California res judicata principles, "If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery.") (citations, internal quotation marks and brackets omitted).

Dunn's remaining contentions are unpersuasive.

**AFFIRMED.**