**Margaret STEWART; Jamey L. Paulson; William Keith; Laura Spencer; Lee Callison; Stephanie Glowa; Terri Gorecki; Dan Berryman, Plaintiffs–Appellants,**

v.

**U.S. BANCORP, Defendant–Appellee.**

**No. 01–35093.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2002.

Filed July 30, 2002.

Joel S. DeVore, Luvaas, Cobb, Richards & Fraser, P.C., Eugene, OR, for the plaintiffs-appellants.

Janine C. Blatt, Druckman & Associates, P.C., Portland, OR, for the defendant-appellee.

Jeffrey J. Druckman, Druckman & Associates, P.C., Portland, OR, for the defendant-appellee.

Before: TROTT, T.G. NELSON, Circuit Judges, and RHOADES,* District Judge.

TROTT, Circuit Judge.

## OVERVIEW

Margaret Stewart, Dan Berryman, William Keith, Laura Spencer, Lee Callison, Stephanie Glowa, Terri Gorecki, and Jamey Paulson (collectively "Plaintiffs") appeal the district court's dismissal of their complaint brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. The district court determined that Plaintiffs' lawsuit was barred by res judicata because their claims could have been raised in a previous action. Plaintiffs ask us to reverse the district court's ruling on the ground that res judicata does not apply because the dismissal of their previous action was not a decision on the merits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

Plaintiffs worked as investment executives at U.S. Bancorp, but they were terminated in 1997 after U.S. Bancorp merged with First Bank System. U.S. Bancorp offered its departing employees generous severance packages. Two packages were available depending on the employee's position: (1) the Broad Based Program that entitled low level, non-supervisory employees to eight weeks severance pay, and (2) the Middle Management Program that entitled supervisory employees

to twelve months severance pay, plus a pro-rated bonus.

At the time of the merger Plaintiffs' jobs were not formally classified as supervisory or non-supervisory. Plaintiffs believed their positions were analogous to middle management positions, but when the severance packages were disbursed, Plaintiffs received only the eight weeks severance pay for non-supervisors rather than the twelve months severance pay available to middle management employees. Plaintiffs responded by filing suit against U.S. Bancorp in state court alleging breach of contract and wage claims under Oregon law. U.S. Bancorp removed the action to federal district court because Plaintiffs' allegations of a "denial of benefits under an employee welfare benefit plan established and governed by ERISA," presented federal questions under the doctrine of complete preemption.

Once in federal district court, U.S. Bancorp filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because: (1) ERISA preempted Plaintiffs' state law claims, and (2) Plaintiffs had not pleaded the required elements for an ERISA claim. The magistrate judge agreed that ERISA federally preempted Plaintiffs' state law claims and recommended dismissal. Plaintiffs did not object to the magistrate judge's recommendation, nor did they seek leave to amend their complaint to state a viable ERISA claim. Four months later, the district court adopted the magistrate judge's findings and recommendation and dismissed Plaintiffs' case. ("*Stewart I* ") Plaintiffs did not appeal.

One month after the dismissal of *Stewart I*, Plaintiffs filed a new complaint in

---

* The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

district court, this time alleging ERISA violations arising from the same denial of severance benefits. U.S. Bancorp filed a motion to dismiss based on res judicata. The district court noted that the two complaints arose out of the same "operational nucleus of facts" and that Plaintiffs "did not amend or seek leave to amend their [first] complaint to allege ERISA violations." The district court applied res judicata and granted U.S. Bancorp's motion to dismiss pursuant to Rule 12(b)(6). Plaintiffs appeal.

## DISCUSSION

### A. Standard of Review

■ We review de novo a district court's dismissal based on res judicata. *Cabrera v. City of Huntington Park,* 159 F.3d 374, 381 (9th Cir.1998) (per curiam).

### B. The District Court Correctly Found the Stewart I Dismissal To Be an Adjudication on the Merits.

#### 1. Res Judicata and Federal Rule of Civil Procedure 41(b)

■ Res judicata, or claim preclusion, prohibits lawsuits on "any claims that were raised *or could have been raised*" in a prior action. *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir.2001) (emphasis added) (quoting *W. Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir.1997)). Res judicata applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Id.* (internal quotations omitted). It is undisputed that the claims and parties are identical in this case. Plaintiffs contend only that the district court's decision in *Stewart I* was not a final judgment on the merits. We respectfully disagree.

The phrase "final judgment on the merits" is often used interchangeably with "dismissal with prejudice." *See, e.g., Paganis v. Blonstein,* 3 F.3d 1067, 1071 (7th Cir.1993) (noting that "with prejudice" is an acceptable shorthand for "adjudication on the merits"); *see also Classic Auto Refinishing, Inc. v. Marino (In re Marino),* 181 F.3d 1142, 1144 (9th Cir.1999); 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2373 (1973). Here, the district court's judgment in *Stewart I* simply stated that the action was dismissed and did not specify whether the suit was dismissed with or without prejudice. Federal Rule of Civil Procedure 41(b) states that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal ... other than a dismissal for *lack of jurisdiction,* for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." (emphasis added). Therefore, under Rule 41(b) we interpret the *Stewart I* dismissal as an adjudication on the merits, unless one of the listed exceptions applies.

#### 2. Lack of Jurisdiction Exception To Federal Rule of Civil Procedure 41(b)

Congress enacted ERISA to "supersede any and all State laws insofar as they ... relate to any employee benefit plan." 29 U.S.C. § 1144(a). The district court determined that because Plaintiffs' state law claims related to a qualifying benefit plan, they were federally preempted by ERISA. Consequently, it dismissed the case under Rule 12(b)(6) for failure to state a claim.

■ Plaintiffs contend that Rule 41(b)'s "lack of jurisdiction" exception applies to the *Stewart I* dismissal.[1] The

---

**1.** U.S. Bancorp argues that Plaintiffs are

barred from making their "lack of jurisdic-

Supreme Court has read Rule 41(b)'s "lack of jurisdiction" exception broadly, giving the concept of "jurisdiction" meaning beyond its traditional personal and subject matter usages: "[T]he exception . . . encompass[es] those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim." *Costello v. United States*, 365 U.S. 265, 285, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). For example, in *Costello* the government failed to attach an affidavit of good cause to a denaturalization complaint, and the case was dismissed without specifying whether it was dismissed with prejudice. Although Rule 41(b) would generally interpret the dismissal as one on the merits, the Supreme Court determined that the government's second attempt to denaturalize Mr. Costello was not barred by res judicata because the affidavit was a precondition to the court's ability to go forward on the merits, and thus, the original dismissal was for "lack of jurisdiction" and without prejudice. *Id.*

■ Rule 12(b)(6) dismissals are granted based on a plaintiff's failure to plead a cognizable claim. Using this yardstick, a district court analyzes the facts and legal claims in the complaint to determine if the plaintiff has alleged a cause of action. Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits" to which res judicata applies. *Feder-*

*ated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). As the Court said in *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946), "[i]f the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction."

■ Plaintiffs concede that a Rule 12(b)(6) dismissal is generally on the merits, but argue that this Court must look past the label of the dismissal and examine the substance of the decision. For this proposition, they rely on *Criales v. American Airlines, Inc.*, 105 F.3d 93, 97 (2d Cir.1997), holding that although the district court dismissed pursuant to 12(b)(6), the dismissal was jurisdictional because it was based on the failure to obtain a right-to-sue letter, which served as a statutory precondition that prevented the district court from addressing the merits in the first suit. Plaintiffs contend that if we look past the 12(b)(6) label, the dismissal in *Stewart I* for failure to plead a cognizable ERISA claim was a dismissal for lack of jurisdiction under the meaning of *Costello* and *Criales*. We respectfully disagree. In preemption cases the district court must analyze the complaint to determine if a federal preemption defense applies. A district court's analysis of whether the complaint is federally preempted is a question of law and fact; it is a decision on the merits of the pleadings.

tion" argument on appeal because they did not raise it below. In general, a party who fails to raise an issue in the district court, cannot raise it on appeal. *Alaska Airlines, Inc. v. United Airlines, Inc.*, 948 F.2d 536, 546 n. 15 (9th Cir.1991). This rule, however, is discretionary and we may consider an issue on appeal "when the question is a purely legal one that is both central to the case and important to the public." *Abex Corp. v. Ski's*

*Enters. Inc.*, 748 F.2d 513, 516 (9th Cir.1984) (internal quotation omitted); *see also Scott v. Ross*, 140 F.3d 1275, 1283 (9th Cir.1998). Because Plaintiffs' appellate argument is a legal question that does not require new findings of fact, and the issue is central to Plaintiffs' case, as it is the sole issue on appeal, we exercise our discretion to reach the merits of Plaintiffs' argument.

The *Stewart I* court analyzed the Plaintiffs' complaint and dismissed it based on federal preemption of Plaintiffs' state law claims. There was no unfulfilled precondition in *Stewart I* that prevented the district court from considering the claims presented to it as there was in *Costello* and *Criales*. Plaintiffs' state law claims were simply considered by the district court and rejected in light of federal preemption.

### 3. Recharacterization

Plaintiffs contend that the law required the district court in *Stewart I*, when presented with a preemption defense, to "recharacterize" the claims or at least to give Plaintiffs an opportunity to recharacterize the claims to comport with ERISA. *See Davis v. John Alden Ins. Co.*, 746 F.Supp. 44, 49 (D.Kan.1990) (determining that the district court should not automatically dismiss state claims, but instead, it should recharacterize the allegations as "descriptive of claims which could be brought under ERISA"). According to Plaintiffs, in *Stewart I* the district court recharacterized the complaint to allege federal claims for removal jurisdiction, but then failed to recharacterize the claims in the complaint when confronted with a federal preemption defense. Plaintiffs maintain that in dismissing the complaint the district court was merely giving them the required opportunity to recharacterize their complaint to be cognizable under ERISA, and thus, we must view the dismissal as "without prejudice."

▪ The terms "complete preemption" and "recharacterization" are used when discussing federal question, removal juris-

diction. *See, e.g., Moran v. Rush Prudential HMO, Inc.*, 230 F.3d 959, 966–67 (7th Cir.2000) (explaining complete preemption's recharacterization of state law claims as federal claims to make removal proper). Plaintiffs confuse their duty to amend with a district court's ability to "recharacterize" a complaint to determine *removal jurisdiction*. Traditionally, the basis for a federal district court's removal jurisdiction must appear on the face of a plaintiff's "well-pleaded complaint." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). An exception to the general rule arises when Congress "so completely preempts a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* In other words, complete preemption "recharacterizes" a complaint with state law claims into one arising under federal law. *Id.* at 64, 107 S.Ct. 1542.

▪ On the other hand, federal preemption is a defense that applies once the court that is exercising jurisdiction considers the merits of the claims presented to it. Plaintiffs erroneously contend that the district court was required to "recharacterize" their complaint to state an ERISA claim once it recharacterized the complaint for removal purposes.[2] Yet, our Circuit has distinguished between recharacterization for jurisdictional purposes and for federal preemption purposes: "The recharacterization of a state claim as federal is independent from the process of finding that claim [federally] preempted." *Schroeder v. Trans World Airlines, Inc.*, 702

**2.** Relying on *Sorosky v. Burroughs Corp.*, 826 F.2d 794 (9th Cir.1987), Plaintiffs contend that if a complaint is completely preempted, the claims within it must be recharacterized by the district court to state valid ERISA claims. Although *Sorosky* stated that "[o]ne consequence of complete preemption is that

*Sorosky* has stated a valid ERISA claim," the appeal dealt with state law claims that *were not* preempted. *Id.* at 801. To the extent that it addressed the preempted state law claims as recharacterized ERISA claims, its comments were dicta and unpersuasive.

F.2d 189, 192 (9th Cir.1983). The district court was not required to rewrite Plaintiff's complaint.

Once the district court recharacterized the Plaintiffs' claims as federal, it became the Plaintiffs' burden to amend their complaint to survive U.S. Bancorp's motion to dismiss. Plaintiffs were on notice that their claims were preempted by ERISA, and they did not seek leave to amend or dismiss "without prejudice." Leave would have been freely granted pursuant to Federal Rule of Civil Procedure 15.[3] Absent a request from Plaintiffs to amend, the district court had no other alternative but to dismiss the case, finding the only claims Plaintiffs presented were preempted.

## CONCLUSION

Plaintiffs could have stated an ERISA claim in their initial complaint, or the complaint could have been amended to include an ERISA claim. There was no initial bar to the district court's considering an ERISA claim except Plaintiffs' failure to raise it. In this respect, this case reminds us of the Supreme Court's pointed observation in *Reed v. Allen*, 286 U.S. 191, 198–99, 52 S.Ct. 532, 76 L.Ed. 1054 (1932), which the Court repeated in reversing us in *Moitie:*

> The predicament in which respondent finds himself is of his own making.... [W]e cannot be expected, for his sole relief, to upset the general and well-established doctrine of res judicata, conceived in the light of the maxim that the interest of the state requires that there be an end to litigation—a maxim which comports with common sense as well as public policy. And the mischief which

would follow the establishment of precedent for so disregarding this salutary doctrine against prolonging strife would be greater than the benefit which would result from relieving some case of individual hardship.

*Moitie*, 452 U.S. at 401–02, 101 S.Ct. 2424 (alteration in original) (internal quotations omitted).

Dismissal was not for lack of jurisdiction, but rather for the substantive reason that Plaintiffs' claims were preempted by federal law. Therefore, res judicata applies, and the Plaintiffs are barred from litigating any claims they raised or could have raised in *Stewart I.*

AFFIRMED.

---

**3.** Federal Rule of Civil Procedure 15(a) instructs the courts that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served....

Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.