MEMORANDUM **
In these consolidated appeals, David Muresan appeals pro se from the Bankruptcy Appellate Panel’s (“BAP’s”) judg *456 merit affirming the bankruptcy court’s orders dismissing Muresan’s bankruptcy petition and adversary proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo decisions of the BAP, Price v. U.S. Trustee (In re Price), 353 F.3d 1135, 1138 (9th Cir. 2004), and dismissals based on claim and issue preclusion, Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir.2002). We review for an abuse of discretion a bankruptcy court’s decision to dismiss a case for cause. In re Price, 353 F.3d at 1138. We affirm.
The BAP correctly concluded that the bankruptcy court properly dismissed Muresan’s adversary proceeding against Michael Cole because the claims and issues raised in the adversary proceeding were litigated in state court and decided by the Washington courts in favor of Cole. See Muresan v. Cole, No. CI04-90, slip op. at 4 (Wash.Dist.Ct. Jan. 26, 2005); see also 28 U.S.C. § 1738; Dodd v. Hood River County, 136 F.3d 1219, 1225 (9th Cir.1998) (“Federal courts must give state court judgments the same preclusive effect as they would be given by courts of that state.”). Therefore, the doctrines of claim and issue preclusion bar Muresan’s adversary proceeding against Cole.
The BAP properly concluded that the bankruptcy court did not abuse its discretion by dismissing Muresan’s Chapter 11 petition because the record indicated that Muresan, who was not represented by counsel, did not understand or intend to perform his fiduciary duties, and had filed four adversary proceedings of doubtful or no merit that could expose the bankruptcy estate to attorney’s fees, costs or sanctions. See 11 U.S.C. § 1112(b); Marsch v. Marsch (In re Marsch), 36 F.3d 825, 828-29 (9th Cir.1994) (per curiam) (bankruptcy court may dismiss a Chapter 11 case “for cause” pursuant to 11 U.S.C. § 1112(b)).
Muresan’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.