**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES F. GEORGE, III; et al., | No. 08-55961 |
| Plaintiffs, | D.C. No. 2:07-cv-06302-R-JC |
| and | |
| MARGIE R. GEORGE, | MEMORANDUM [*] |
| Plaintiff - Appellant, | |
| v. | |
| CITY OF MORRO BAY; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted November 17, 2009 [**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

LS/Research

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Margie R. George appeals pro se from the district court's order dismissing her 42 U.S.C. § 1983 action as barred by the doctrines of res judicata and collateral estoppel. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (res judicata); *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) (collateral estoppel). We affirm.

The district court properly dismissed George's claims as barred by the doctrine of res judicata because George could have raised them in her prior bankruptcy proceedings. *See Stewart*, 297 F.3d at 956 ("Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action.") (internal citation, quotation marks, and italics omitted). The district court also properly dismissed George's takings claims as barred by the doctrine of collateral estoppel because they are foreclosed by issues George litigated in her prior bankruptcy proceedings. *See McQuillion,* 369 F.3d at 1096 (applying collateral estoppel where issues at stake were actually litigated by the party against whom preclusion is asserted and were necessary to the earlier judgment).

George's remaining contentions are unavailing.

Because appellees' request for sanctions for a frivolous appeal was not separately filed, we deny the request without prejudice to refiling a timely separate motion. *See* Fed. R. App. P. 38; 9th Cir. R. 39-1.6; *Higgins v. Vortex Fishing Sys., Inc.*, 379 F.3d 701, 709 (9th Cir. 2004) (denying without prejudice a Rule 38 request made in an appellate brief rather than in a separately filed motion).

**AFFIRMED.**