**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR A. SEGOVIA, Esquire,<br><br>        Appellant,<br><br>  v.<br><br>BACH CONSTRUCTION, INC.,<br><br>        Appellee. | No. 09-16317<br><br>D.C. No. 3:08-cv-05767-VRW<br><br><br>MEMORANDUM[*] |
| VICTOR A. SEGOVIA, Esquire,<br><br>        Appellant,<br><br>  v.<br><br>JANINA ELDER,<br><br>        Trustee - Appellee. | No. 09-16320<br><br>D.C. No. 3:08-cv-05768-VRW |

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, Chief District Judge, Presiding

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted July 15, 2010[]
San Francisco, California

Before: HUG, BEEZER and HALL, Circuit Judges.

Victor Segovia appeals from a district court decision affirming the bankruptcy court's partial grant of Bach Construction, Inc.'s motion for summary judgment. Segovia challenges the bankruptcy court's refusal to enter default judgment against Bach Construction and argues that the bankruptcy court erred in its application of res judicata.

We review a bankruptcy court's conclusions of law de novo and findings of fact for clear error. In re Pace, 67 F.3d 187, 191 (9th Cir. 1995). We review a decision regarding entry of default judgment for abuse of discretion. DIRECTV, Inc. v. Huynh, 503 F.3d 847, 852 (9th Cir. 2007). We have jurisdiction under 28 U.S.C. § 158(d). We affirm.

The facts of the case are known to the parties. We do not repeat them.

Segovia argues that the bankruptcy court erred in refusing to enter default judgment against Bach Construction when it filed a late answer to his cross-complaint. Segovia makes no showing that he was prejudiced by the court's

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

refusal to enter default judgment, and so that refusal was not an abuse of discretion. See Draper v. Coombs, 792 F.2d 915, 924–25 (9th Cir. 1986).

Segovia next argues that the bankruptcy court incorrectly applied res judicata. Res judicata precludes subsequent suits regarding the same claims, raised between the same parties, when a previous suit has proceeded to a final judgment, on the merits. Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). Here, all of the elements of res judicata are met. The exact same claim was brought between the same parties in a prior action that proceeded to the Ninth Circuit after a final judgment on the merits. See Segovia v. Bach Constr., 346 F.App'x 156 (9th Cir. 2009).[1]

**AFFIRMED.**

---

[1] We deny Bach Construction's January 8, 2010 request that we take judicial notice of our prior decision.