**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL DUNN, | No. 09-16136 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-03559-JCS |
| v. | |
| JAMES NOE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge,[**] Presiding

Submitted September 13, 2010[***]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to the jurisdiction of the magistrate judge.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Michael Dunn appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action seeking the return of property seized by law enforcement in March 1993. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed the action as barred by the doctrine of res judicata because Dunn has already litigated his claims arising from the seizure of his property in March 1993. *See Dunn v. Noe*, No. 02-16849, 2003 WL 1506488 (9th Cir. Mar. 19, 2003); *Dunn v. County of Mendocino*, No. A119341, 2008 WL 5156484 (Cal. Ct. App. Dec. 9, 2008); *see also Stewart*, 297 F.3d at 956 (describing elements of res judicata); *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (under California res judicata principles, "If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery.") (citations, internal quotation marks and brackets omitted).

Dunn's remaining contentions are unpersuasive.

**AFFIRMED.**