**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEFF HANCOCK,

               Plaintiff - Appellant,

   v.

ANDREW POMAZAL; et al.,

            Defendants - Appellees.

No. 09-17701

D.C. No. 2:09-cv-00065-DAD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, Magistrate Judge, Presiding[**]

Submitted February 15, 2011[***]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

    Jeff Hancock, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The parties consented to the jurisdiction of the magistrate judge. *See* 28 U.S.C. §636(c).

    [***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Amendment violations.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo,  *Stewart v. U.S. Bancorp,* 297 F.3d 953, 956 (9th Cir. 2002)*,* and we

affirm.

The district court properly dismissed the action as barred by the doctrine of

res judicata because Hancock voluntarily dismissed two earlier lawsuits against

defendants alleging the same claims, and the second dismissal "operates as an

adjudication on the merits."  Fed. R. Civ. P. 41(a)(1)(B); *Commercial Space Mgmt.*

*Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999) (explaining the "two

dismissal rule").  Accordingly, the doctrine of res judicata bars Hancock from re-

litigating these claims.  *See Stewart*, 297 F.3d at 956 (describing elements of res

judicata).

**AFFIRMED.**

09-17701