**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GLENNA JO TRAMELL,

Plaintiff - Appellant,

v.

THE GOLDEN 1 CREDIT UNION,

Defendant - Appellee.

No. 10-17439

D.C. No. 2:09-cv-01470-GEB-EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted January 17, 2012[**]

Before:   LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Glenna Jo Tramell appeals pro se from the district court's judgment

dismissing her employment action as barred by the doctrine of res judicata. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Stewart v. U.S.*

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002), and we affirm.

The district court properly dismissed Tramell's action as barred by the doctrine of res judicata because it involved the same claims and parties as Tramell's prior state court action that was decided on the merits. *See Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007) (stating requirements for res judicata under California law).

To the extent that Tramell contends that the state court decision was erroneous, the district court properly determined that those contentions are barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

Tramell's remaining contentions are unpersuasive.

**AFFIRMED.**