**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE CAREY; et al., | No. 11-15396 |
| Plaintiffs - Appellants, | D.C. No. 2:08-cv-02504-JAM-CMK |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted September 19, 2012[**]

Before:    LEAVY, HAWKINS, and HURWITZ, Circuit Judges.

George, John, and Byron Carey appeal pro se from the district court's

judgment dismissing their action to quiet title to real property upon which federal

tax liens were ordered foreclosed in prior litigation.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002), and we affirm.

The district court properly dismissed appellants' claim for relief from judgment in the prior foreclosure action because their allegations are not sufficient to meet the "demanding standard" of a "grave miscarriage of justice."  *United States v. Beggerly*, 524 U.S. 38, 47 (1998) (independent action seeking relief from judgment "should be available only to prevent a grave miscarriage of justice").

The district court properly dismissed appellants' remaining claims as barred by the doctrine of res judicata because the claims were the same as those in a prior action where a final judgment was entered and there is privity of parties.  *See Stewart*, 297 F.3d at 956 (explaining when res judicata applies); *see also Richards v. Jefferson Cnty., Ala.*, 517 U.S. 793, 798 (1996) (explaining that a judgment that is binding on a trustee can also bind the beneficiaries of the trust).

Appellants' contentions concerning the effect of a stipulation with their parents and their parents' bankruptcy proceedings are unpersuasive.

**AFFIRMED.**

11-15396