**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SERGEI PORTNOY; ELENA
PORTNOY,

           Plaintiffs - Appellants,

  v.

UNITED STATES OF AMERICA,

           Defendant - Appellee.

No. 12-15174

D.C. No. 2:11-cv-00264-GEB-
EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

    Sergei Portnoy and Elena Portnoy appeal pro se from the district court's

judgment dismissing with prejudice their complaint against the United States for

alleged intentional and negligent infliction of emotional distress and violations of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Administrative Procedure Act; the Immigration and Nationality Act; the Civil Rights Act; and the Fourth, Fifth, and Fifteenth Amendments to the U.S. Constitution. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of an action on res judicata grounds. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm the district court's judgment.

The district court properly dismissed with prejudice the Portnoys' claims as being barred by the doctrine of res judicata because the Portnoys raised or could have raised the same statutory, constitutional, and common-law claims against the same defendant in a prior federal civil suit that resulted in a final judgment on the merits. *See Portnoy et al. v. United States*, No. C-10-1680-KJM (E.D. Cal. Aug. 19, 2010), *summarily aff'd*, No. 10-16912 (9th Cir. Nov. 2, 2010) (order); *see also Stewart*, 297 F.3d at 956 ("Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised *or could have been raised*' in a prior action . . . when there is: '(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties.'" (citation omitted) (emphasis in original)). Case law forecloses the Portnoys' argument that their prior suit did not end with a final judgment on the merits. *See Hells Cyn. Preserv. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) ("'[F]inal judgment on the merits'

is synonymous with 'dismissal with prejudice.'").

**AFFIRMED.**