FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUELLA VAUGHN, | No. 11-17902 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00873-MCE-CKD |
| v. | |
| WELLS FARGO HOME MORTGAGE, a division of Wells Fargo Bank, N.A.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief Judge, Presiding

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

Luella Vaughn appeals pro se from the district court's judgment dismissing

her action arising out of foreclosure proceedings.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal of an action as barred by the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

doctrine of res judicata, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002), and for an abuse of discretion the denial of leave to amend a complaint, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

The district court properly dismissed Vaughn's action as barred by the doctrine of res judicata because Vaughn raised, or could have raised, her claims in her prior action that involved the same defendants and was decided on the merits. *See Stewart*, 297 F.3d at 956 (res judicata bars litigation in a subsequent action of "any claims that were raised or could have been raised in a prior action" (emphasis, citation, and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Vaughn leave to file an amended complaint. *See Cervantes*, 656 F.3d at 1041 ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

**AFFIRMED.**

11-17902