**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EARL HOBBS, an individual, | No. 12-55793 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-05018-SJO-AGR |
| v. | |
| STATE OF CALIFORNIA; BELMONT SHORES INVESTORS, LLC, a Limited Liability Company, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Earl Hobbs, an inactive attorney, appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action arising from an attempt to evict

him and the resulting unlawful detainer action.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and a dismissal based on res judicata, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed Hobbs's § 1983 and declaratory relief claims on the basis of the doctrine of res judicata because those claims were based on the same primary right asserted in a prior state court action. *See Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) ("To determine the preclusive effect of a state court judgment federal courts look to state law. . . . California's res judicata doctrine is based on a primary rights theory." (citation omitted)).

The district court properly dismissed Hobbs's claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO") because Hobbs failed to allege specific facts showing a pattern of racketeering activity and other required elements. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557-58 (9th Cir. 2010) (discussing elements of a RICO claim and particularity requirements of Fed. R. Civ. P. 9(b)).

**AFFIRMED.**