**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NUMA BARNES,<br><br>               Plaintiff - Appellant,<br><br>v.<br><br>HOMEWARD RESIDENTIAL, INC.; et al.,<br><br>               Defendants - Appellees. | No. 13-17510<br><br>D.C. No. 3:13-cv-03227-SC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, District Judge, Presiding

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Numa Barnes appeals from the district court's judgment dismissing her action alleging raising federal and state law foreclosure-related claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis of res judicata. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We vacate and remand.

In dismissing this action on the basis of res judicata, the district court applied the standard used to analyze the preclusive effect of prior federal court judgments. However, "[u]nder 28 U.S.C. § 1738, federal courts are required to give state court judgments the preclusive effects they would be given by another court of that state." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009). Unlike the federal courts, "which apply a 'transactional nucleus of facts' test, 'California courts employ the primary rights theory to determine what constitutes the same cause of action for claim preclusion purposes.'" *Id.* (citation omitted). Accordingly, we vacate the district court's judgment and remand for the district court to determine in the first instance the preclusive effect to be given Barnes's prior California state court action under the correct standard.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED**.

13-17510