**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 4 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IRENE TRITZ, an Individual, | No. 14-56301 |
| Plaintiff-Appellant, | D.C. No. 8:12-cv-02201-DOC-RNB |
| v. | |
| PATRICK R. DONAHOE, Postmaster General, United States Postal Service, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted September 27, 2016**

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Irene Tritz appeals pro se from the district court's summary judgment in her

employment action alleging discrimination, retaliation, due process, and related

tort claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011), and we affirm.

The district court properly granted summary judgment on Tritz's discrimination, retaliation, and hostile work environment claim because they are barred by res judicata, as Tritz raised, or could have raised, these claims against the same defendant in a prior federal action in which there was a final judgment on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956-57 (9th Cir. 2002) (setting forth the elements of the doctrine of res judicata, and explaining that res judicata bars "any claims that were raised or could have been raised" in a prior action).

The district court properly granted summary judgment on Tritz's due process claim because Tritz failed to raise a genuine dispute of material fact as to whether the U.S. Postal Service denied her procedural due process in addressing her 2009 complaint. *See Matthews v. Eldridge*, 424 U.S. 319, 335 (1976) (setting forth requirements for procedural due process). The district court also properly granted summary judgment on Tritiz's "abuse of power" claim as this claim is derivative of her due process claim.

The district court properly granted summary judgment on Tritz's Federal Tort Claims Act claim because the claim is barred by the statute of limitations. *See* 28 U.S.C. § 2401(b) (a tort claim against the United States must be presented to the

appropriate federal agency within two years after such a claim accrues).

The district court did not abuse its discretion in denying Tritz's motion to compel discovery because it failed to comply with the local rules. *See Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003) ("The district court is given broad discretion in supervising the pretrial phase of litigation[.]").

**AFFIRMED.**