**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LANCE McDERMOTT, | No. 16-35630 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00377-JCC |
| v. | |
| UNITED STATES POSTAL SERVICE, also known as USPS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted October 23, 2017**

Before: McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Lance McDermott appeals pro se from the district court's judgment

dismissing his action alleging various claims arising from his employment at the

United States Postal Service ("USPS"). We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo the district court's dismissal on the basis of claim

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

preclusion. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed McDermott's action because McDermott's claims were raised, or could have been raised, in prior actions between the parties or those in privity with them, and those prior actions resulted in final judgments on the merits. *See id.* (setting forth elements of claim preclusion); *see also Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) ("Even when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." (citation and internal quotation marks omitted)).

To the extent that McDermott alleged a violation of the Hatch Act, the district court properly dismissed the claim because McDermott failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion in declaring McDermott a vexatious litigant and imposing a pre-filing order against him because it gave McDermott notice and an opportunity to be heard, developed an adequate record

for review, made findings regarding his frivolous litigation history, and narrowly tailored the restriction in the pre-filing order. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057-58 (9th Cir. 2007) (setting forth standard of review and factors a district court must consider before imposing a pre-filing restriction on a vexatious litigant).

All requests set forth in McDermott's reply brief, including his request for appointment of counsel, are denied.

**AFFIRMED.**

16-35630