**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORMAN GERALD DANIELS III, | No. 18-16262 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-01312-LJO-EPG |
| v. | |
| STUART SHERMAN, Warden, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted January 15, 2019**

Before: TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

California state prisoner Norman Gerald Daniels III appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging an

access-to-courts claim related to his legal blindness. We have jurisdiction under 28

U.S.C. § 1291. We review de novo the district court's dismissal on the basis of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

claim preclusion. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed Daniels's action as barred by the doctrine of claim preclusion because Daniels alleged nearly identical claims against defendant, or his privy, in a prior federal action in which there was a final judgment on the merits. *See id.* (elements of claim preclusion); *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) ("Even when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." (citation and internal quotation marks omitted)).

**AFFIRMED.**

18-16262