NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORMAN DOUGLAS DIAMOND, | No. 18-55376 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-06327-ODW-PJW |
| v. | |
| UNITED STATES OF AMERICA; DOES, Unknown Employees of the United States, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted April 17, 2019[**]

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Norman Douglas Diamond, a resident of Japan, appeals pro se from the

district court's judgment dismissing his action seeking tax refunds and damages

arising from various interactions with defendants.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal on the basis of res judicata.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).  We affirm.

The district court properly dismissed Diamond's claims for unauthorized disclosure as barred by the doctrine of res judicata because Diamond litigated these claims in a prior action that resulted in a final judgment on the merits.  *See Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (requirements for res judicata).

The district court did not abuse its discretion in denying Diamond's motion to transfer venue as to nonresident Diamond's internal revenue tax claims because venue was not proper in any district court.  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (standard of review); *see also* 28 U.S.C. § 1402(a)(1) (providing that any action filed in district court against the United States "may be prosecuted only . . . in the judicial district where the plaintiff resides").  To the extent that Diamond alleged damages claims arising from defendants' acts or omissions in the District of Columbia, denial of Diamond's request to transfer venue was not an abuse of discretion because Diamond failed to show why it was in the interest of justice to transfer rather than dismiss without prejudice.  *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in

18-55376

the interest of justice, transfer such case to any district or division in which it could have been brought.").

**AFFIRMED.**

18-55376