NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATT P. JACOBSEN, | No. 19-16341 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-00017-MMD-WGC |
| v. | |
| RUSHMORE LOAN MANAGEMENT SERVICES, LLC; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted December 2, 2020**

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Matt P. Jacobsen appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims challenging foreclosure

proceedings on his property.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo a district court's dismissal based on res judicata, *Stewart v. U.S.*

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002), and we may affirm on any ground supported by the record, *United States v. Corinthian Colls.*, 655 F.3d 984, 992 (9th Cir. 2011). We affirm.

The district court properly dismissed Jacobsen's action as barred by res judicata because Jacobsen's claims were raised or could have been raised in his prior federal actions between the parties or their privies that resulted in a final judgment on the merits. *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("The preclusive effect of a federal-court judgment is determined by federal common law."); *Stewart*, 297 F.3d at 956 (federal claim preclusion "applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties" (citation and internal quotation marks omitted)).

To the extent that certain of Jacobsen's claims could not have been raised in the prior federal actions, dismissal of those claims was proper because Jacobsen failed to allege facts sufficient to state any plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

We lack jurisdiction to consider the district court's August 19, 2019 post-judgment order denying Jacobsen's motion for injunctive relief because Jacobsen failed to file an amended or separate notice of appeal of that order. *See Whitaker v.*

*Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007) (appellant generally must file a separate notice of appeal or amend a previously filed notice of appeal to secure review of a post-judgment order).

Jacobsen's motion to accept the late filed reply brief (Docket Entry No. 28) is granted. The Clerk will file the reply brief submitted on November 6, 2020.

Appellees' motion to cancel the lis pendens (Docket Entry No. 29) is denied without prejudice to renewing this motion before the district court.

**AFFIRMED.**

19-16341