NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUCIO A. BARROGA,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>BOARD OF ADMINISTRATION OF<br>CALIFORNIA PUBLIC EMPLOYEES'<br>RETIREMENT SYSTEM,<br><br>     Defendant-Appellee. | No. 19-17418<br><br>D.C. No. 2:19-cv-00921-MCE-KJN<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted February 17, 2021**

Before: FERNANDEZ, BYBEE, and BADE, Circuit Judges.

 Lucio A. Barroga appeals pro se from the district court's judgment

dismissing his action alleging federal claims related to pension benefits from the

California Public Employees' Retirement System. We have jurisdiction under

---

  \*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  \*\*  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo a dismissal on the basis of claim preclusion. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed Barroga's action on the basis of claim preclusion because the action involved the same primary right raised in a prior administrative proceeding or state court case that resulted in a final judgment on the merits. *See San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (federal court must follow state's preclusion rules to determine effect of a state court judgment; discussing elements of claim preclusion under California law); *see also White v. City of Pasadena*, 671 F.3d 918, 927 (9th Cir. 2012) (under California law, a prior administrative decision is "binding in later civil actions to the same extent as a state court decision if the administrative proceeding possessed the requisite judicial character" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by declaring Barroga a vexatious litigant and entering a pre-filing review order against him because all of the requirements for entering a pre-filing review order were met. *See Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (setting forth standard of review and requirements for pre-filing review orders).

We reject as without merit Barroga's contentions that the judgment is void, the district court obstructed justice or otherwise acted improperly, and defendant's

request for extension of time to respond to the complaint was untimely.

Barroga's motion for judgment on the pleadings is denied.

**AFFIRMED.**