FILED

**NOT FOR PUBLICATION**

MAY 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEPHEN G. OPPERWALL,

        Appellant,

v.

BANK OF AMERICA, NA; BRIAN T.
MOYNIHAN; DAVID E. PINCH; MARK
JOSEPH KENNEY; SEVERSON &
WERSON,

        Appellees.

No.   20-15428

D.C. No. 4:18-cv-07711-JST

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted May 11, 2021[**]

Before:  FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Stephen Opperwall appeals the district court's order affirming the

bankruptcy court's dismissal of his second adversary proceeding alleging that the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

bank entered into a loan modification agreement during bankruptcy proceedings in 2012 and breached that agreement. We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1) and review de novo. *In re Wilshire Courtyard*, 729 F.3d 1279, 1284 (9th Cir. 2013); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The bankruptcy court had "related to" jurisdiction over the removed action. There is a close nexus between Opperwall's claim that the parties entered into a loan modification agreement for his home mortgage and the confirmed plan's assumption that the parties would enter into the agreement prior to confirmation. *See In re Wilshire Courtyard*, 729 F.3d at 1289 ("reaffirm[ing] that a close nexus exists between a post-confirmation matter and a closed bankruptcy proceeding sufficient to support jurisdiction when the matter affects the interpretation, implementation, consummation, execution, or administration of the confirmed plan.") (internal quotation marks omitted).

Opperwall's claims regarding the existence and scope of a loan modification agreement were barred in the first adversary proceeding and in the final plan confirmation order. *See Trulis v. Barton*, 107 F.3d 685, 691 (9th Cir. 1995) ("Once a bankruptcy plan is confirmed, it is binding on all parties and all questions that could have been raised pertaining to the plan are entitled to res judicata

2

effect."); *Opperwall v. Bank of Am., N.A.*, Nos. 16-17144 & 16-17178, 727 Fed. Appx. 329, 330 (9th Cir. June 15, 2018) (memorandum disposition) (holding that Opperwall's first adversary proceeding alleging that the parties entered into the agreement contemplated by the plan was barred by the plan confirmation order).

Opperwall argues that this case alleges a post-petition, instead of a pre-petition, agreement with the bank. However, we rejected this argument in the previous appeal because he did not raise the argument before the plan was confirmed. *See id.* ("Amending the first amended complaint to allege that the parties entered into the loan modification agreement post-petition rather than pre-petition would not change the res judicata effect of the plan confirmation.").

**AFFIRMED.**