NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY C. ROTE, | No. 20-35017 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-01988-MO |
| v. | |
| COMMITTEE ON JUDICIAL CONDUCT AND DISABILITY OF THE JUDICIAL CONFERENCE OF THE UNITED STATES; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted May 18, 2021[**]

Before:      CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Timothy C. Rote appeals pro se from the district court's judgment

dismissing his 42 U.S.C. §§ 1983 and 1985 action alleging federal and state law

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal based on res judicata. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm in part, vacate in part, and remand.

The District Court for the District of Columbia did not abuse its discretion in transferring this action to the District of Oregon. *See* 28 U.S.C. § 1404(a) (providing for transfer to a district where an action might have been brought); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (setting forth factors for transfer of venue and standard of review).

The district court dismissed this action as precluded by the prior judgment entered in District Court Case No. 3:19-cv-00082-MO. However, this prior judgment has been vacated by our contemporaneous disposition in appeal No. 19-35847 and therefore no longer has preclusive effect on this action. *See Cal. Dep't of Soc. Servs. v. Thompson*, 321 F.3d 835, 847 (9th Cir. 2003) (once a decision of the district court is reversed or dismissed, the judgment cannot serve as the basis for a disposition on the grounds of res judicata or collateral estoppel). We vacate the district court's judgment dismissing this action and remand for further proceedings. On remand the district court will address Rote's motion for disqualification.

The district court imposed pre-filing requirements on Rote but the requisite process for such an order was not followed. *See Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061-67 (9th Cir. 2014) (standard of review;

discussing procedural and substantive standards for a federal pre-filing order).  We vacate the pre-filing order without prejudice to reimposing it using the requisite process.

The motions for disqualification (Docket Entry No. 53) and to supplement the record on appeal (Docket Entry No. 54) are denied.

Each party will bear its own costs on appeal.

**AFFIRMED in part; VACATED in part; and REMANDED.**