NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL NIVARD BEATON, | No. 21-15511 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-00492-AWI-EPG |
| v. | |
| AMAZON.COM, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted September 14, 2021**

Before:     PAEZ, NGUYEN, and OWENS, Circuit Judges.

California state prisoner Paul Nivard Beaton appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1915(e)(2)(B)(ii)); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal based on res judicata).  We affirm.

The district court properly dismissed Beaton's action as barred by res judicata because Beaton's claims were raised or could have been raised in his prior federal action between the parties or their privies that resulted in a final judgment on the merits.  *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("The preclusive effect of a federal-court judgment is determined by federal common law."); *Stewart*, 297 F.3d at 956 (federal claim preclusion "applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties" (citation and internal quotation marks omitted)).

Beaton's motion (Docket Entry No. 4) is denied.

**AFFIRMED.**