**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLEN BROEMER, | No. 11-56043 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-05515-MMM-RZ |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted November 19, 2013[**]

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

Glen Broemer, an attorney, appeals pro se from the district court's judgment

in his action brought under *Bivens v. Six Unknown Named Agents of Federal*

*Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

alleging that defendants have followed, threatened, and physically injured him for many years. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064-65 (9th Cir. 2004) (dismissal after plaintiff indicates intent to stand on complaint); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal as barred by the doctrine of res judicata); *Minier v. CIA*, 88 F.3d 796, 800 (9th Cir. 1996) (summary judgment on the basis of Freedom of Information Act ("FOIA") exemption). We affirm.

The district court properly granted summary judgment on Broemer's FOIA claim against the National Security Agency because the agency provided an affidavit establishing that Exemption 3 of FOIA, 5 U.S.C. § 552(b)(3), precludes acknowledgment of the existence of the requested documents. *See Minier*, 88 F.3d at 800-01 (describing how a government agency establishes that Exemption 3 applies and explaining that the agency may issue a "Glomar Response" refusing to confirm or deny the existence of certain records if the FOIA exemption would itself preclude the acknowledgment of such documents).

The district court properly dismissed Broemer's claims alleging that defendants followed, threatened, and physically injured him before May 30, 2008, the date of judgment in one of Broemer's prior actions, because his claims were raised or could have been raised in that action. *See Stewart*, 297 F.3d at 956 (res

judicata bars litigation in a subsequent action of "'any claims that were raised or could have been raised' in a prior action" (emphasis and citation omitted)).

The district court properly dismissed Broemer's claims alleging that defendants followed, threatened, and physically injured him after May 30, 2008, because Broemer failed to identify which defendants were liable for any of the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Broemer's request that this court take judicial notice of filings in other cases, set forth in his reply brief, is denied.

**AFFIRMED.**

11-56043