**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL B. SPARLIN; SHARON J. SPARLIN, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> COUNTRYWIDE HOME LOANS INCORPORATED; et al., <br><br> Defendants - Appellees. | No. 11-17259 <br><br> D.C. No. 4:11-cv-00371-DCB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

Michael B. and Sharon J. Sparlin appeal pro se from the district court's

judgment dismissing their action arising out of foreclosure proceedings.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal based on

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

preclusion principles. *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010) (collateral estoppel); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (res judicata). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal of the Sparlins' action as barred by the doctrines of collateral estoppel and res judicata was proper because the Sparlins had a full and fair opportunity to litigate the issues and claims arising out of the foreclosure proceedings at issue in their prior action against nearly identical defendants, and that action was dismissed with prejudice for failure to state a claim. *See Wolfson*, 616 F.3d at 1064 (discussing elements of collateral estoppel); *Stewart*, 297 F.3d at 956-57 (discussing elements of res judicata, and noting that "dismissal for failure to state a claim" constitutes a final judgment on the merits to which res judicata applies).

The Sparlins' contentions regarding the denial of discovery and alleged violations of their civil rights are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**