

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CRAIG HART; CAROLE PINKNEY-HART,

               Plaintiffs - Appellants,

  v.

BANK OF AMERICA NA, sued erroneously as Bank of America Home Loans; et al.,

               Defendants - Appellees.

No. 12-56434

D.C. No. 2:12-cv-03372-MWF-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

     Craig and Carole-Pinkney Hart appeal pro se from the district court's order

dismissing their foreclosure action alleging a federal claim under the Fair Debt

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Collection Practices Act ("FDCPA") and various state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both a denial of a motion to remand, *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998), and a dismissal on the basis of the doctrine of res judicata, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly denied plaintiffs' motion to remand because plaintiffs' FDCPA claim gave the court federal jurisdiction over the entire action, including state law claims arising out of the same loan transaction and foreclosure proceedings. *See* 28 U.S.C. § 1367 (allowing discretionary exercise of jurisdiction over state law claims related to federal cause of action); *Sparta Surgical Corp.*, 159 F.3d at 1211-13 (action is properly removed where existence of federal jurisdiction is clear from the face of the complaint, and party may not compel remand by trying to eliminate the federal question upon which removal was based); *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1224 (9th Cir. 1988) (per curiam) (district court has jurisdiction over FDCPA claim under 15 U.S.C. § 1692k(d)).

The district court properly dismissed the action as precluded by the doctrine of res judicata because plaintiffs alleged nearly identical claims arising out of the same loan transaction and related foreclosure proceedings against the same defendants in two prior actions in which there were final judgments on the merits.

*See Stewart*, 297 F.3d at 956-57 (setting forth elements of the doctrine of res judicata, and noting that it bars subsequent litigation of both claims that were raised and those that could have been raised in the prior action); *Owens v. Kaiser Found. Health Plan*, 244 F.3d 708, 714 (9th Cir. 2001) (unless otherwise specified, dismissal of an action for failure to prosecute operates as an adjudication on the merits for purposes of applying the doctrine of res judicata).

The district court did not abuse its discretion by denying leave to amend because amendment would have been futile. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010).

Because we affirm dismissal on the basis of the doctrine of res judicata, we do not consider plaintiffs' regarding the alleged merits of their claims.

Plaintiffs' contentions that dismissal of the action was in violation of public policy, that the district court improperly looked beyond the pleadings or failed to give proper consideration to their motion to remand, and that they were improperly denied the opportunity to conduct discovery, are unpersuasive.

Because plaintiffs did not file a reply brief, defendants' request to file a surreply, set forth in their answering brief, is denied as moot.

**AFFIRMED.**