**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN ENG, | No. 13-15457 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-05062-WHA |
| v. | |
| WASHINGTON MUTUAL BANK, FA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Martin Eng appeals pro se from the district court's judgment dismissing his

diversity action arising out of foreclosure proceedings. We have jurisdiction under

28 U.S.C. § 1291. We review de novo a dismissal on the basis of the doctrine of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

res judicata, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002), and we affirm.

The district court properly dismissed Eng's action as barred by the doctrine of res judicata because Eng alleged claims arising out of the same loan transaction and related foreclosure proceedings against the same defendants in a prior federal action in which there was a final judgment on the merits. *See id.* at 956 (setting forth the elements of the doctrine of res judicata, and noting that it bars subsequent litigation of claims that were raised or could have been raised in the prior action).

The district court did not abuse its discretion by declaring Eng a vexatious litigant and entering a prefiling order against him after giving him notice and an opportunity to be heard, developing an adequate record for review, making findings regarding Eng's frivolous and harassing litigation history, and tailoring the restriction narrowly. *See De Long v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (setting forth standard of review and factors for entry of a prefiling order).

The district court did not abuse its discretion in denying Eng leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review

13-15457

and noting that the district court may dismiss without leave to amend when amendment would be futile).

**AFFIRMED.**