**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRINCE SONG CAMBILARGIU; et al., | No. 13-56006 |
| Plaintiffs - Appellants, | D.C. No. 2:13-cv-02134-R-CW |
| v. | |
| BANK OF AMERICA NATIONAL ASSOCIATION, | MEMORANDUM[*] |
| Defendant - Appellee, | |
| and | |
| ALL PERSONS, Or Entities Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in this Complaint Adverse to Plaintiffs Title, or Any Cloud on Plaintiffs Title Thereto, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted December 9, 2014[]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

Prince Song Cambilargiu, Shahram Kaywanfar, and Rebecca Kaywanfar ("plaintiffs") appeal from the district court's judgment dismissing their action alleging federal and state law claims arising out of foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's dismissal on the basis of res judicata.  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).  We affirm.

The district court properly dismissed plaintiffs' action as barred by the doctrine of res judicata because the elements of the doctrine were satisfied.  *See Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148-49 (9th Cir. 2010) (setting forth elements of res judicata under California law and explaining that different theories of recovery are the same claim for res judicata purposes if they arise from the same alleged invasion of a primary right).

We reject plaintiffs' arguments that appellee improperly appeared in the action below or deceived the district court as to its identity, as well as plaintiffs' arguments that the district court erred in denying plaintiffs' request for a

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

continuance of the hearing on appellee's motion to dismiss and dismissing as moot the motions pending at the time the district court ordered dismissal.

Contrary to plaintiffs' contentions, the district court did not abuse its discretion by denying leave to amend the complaint because amendment would have been futile. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (setting forth standard of review and explaining that denial of leave to amend is improper unless it is clear that the complaint could not be saved by amendment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Appellee's motion to strike the reply brief, filed August 1, 2014, is denied.

**AFFIRMED.**

13-56006