**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GWENDOLYN SMITH, | No. 13-15070 |
| Plaintiff - Appellant, | D.C. No. 4:12-cv-01732-DMR |
| v. | |
| PAUL PAYNE; SANTA ROSA PRESS DEMOCRAT, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding[**]

Submitted February 17, 2015[***]

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Gwendolyn Smith appeals pro se from the district court's judgment

dismissing her diversity action under California's anti-Strategic Litigation Against

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Public Policy ("anti-SLAPP") statute. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of a motion to strike pursuant to California's anti-SLAPP statute. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). We affirm.

The district court properly granted defendants' special motion to strike the state law claims under California's anti-SLAPP statute, because Smith's claims were based on protected activity and Smith failed to show a probability of prevailing on the merits because the action was precluded by the doctrine of res judicata. *See* Cal. Civ. Proc. Code § 425.16(e); *Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 953-54 (9th Cir. 2013) (under California law, "pre-publication or pre-production acts such as investigating, newsgathering, and conducting interviews constitute conduct that furthers the right of free speech" and "defendants may satisfy their burden to show that they were engaged in conduct in furtherance of their right of free speech under the anti-SLAPP statute, even when their conduct was allegedly unlawful"); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956-57 (9th Cir. 2002) (setting forth the elements of the doctrine of res judicata, and noting that it bars subsequent litigation both of claims that were raised and those that could have been raised in the prior action and that dismissal for failure to state a claim is a "judgment on the merits" for the purposes of the doctrine).

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**