**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| NATHAN KOSHAK; JOEL KOSHAK; HELEN KOSHAK; NORMAN KOSHAK, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> THE COUNTY OF ORANGE; OFFICER LUIS DEANDA, in his individual capacity; SANDRA HUTCHENS, in her official capacity; OFFICER GREY, in his individual capacity; 10675 SOUTH ORANGE PARK BOULEVARD, LLC; PHILLIP GREEN; JENNIFER NEEDS, AKA Jennifer Willliams; WILLIAM STEEL; TOM POLIS, <br><br> Defendants - Appellees. | No. 14-55287 <br><br> D.C. No. 8:13-cv-01732-CJC-AN <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted February 9, 2016[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: McKEOWN and IKUTA, Circuit Judges and PRATT,[***] Senior District Judge.

The Koshaks appeal the district court's dismissal of their second federal complaint stemming from a California Superior Court unlawful detainer judgment and its execution. We hold that the claims in this second action are precluded by *res judicata*.

"Res judicata applies when there is: '(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties.'" *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). Here, all the requirements for *res judicata* are met.

First, the Koshaks filed a new action and submitted a complaint that is virtually identical to a complaint filed in a previous action. All of the claims in the second action were made in the first complaint.

Second, the district court dismissed that action after the Koshaks missed a deadline for filing an amended complaint. "Unless the dismissal order states otherwise," any involuntary dismissal, "except one for lack of jurisdiction, improper venue, or failure to join a party," "operates as an adjudication on the

---

[***] The Honorable Robert W. Pratt, Senior District Judge for the U.S. District Court for the Southern District of Iowa, sitting by designation.

2

merits." Fed. R. Civ. P. 41(b); *see also Costello v. United States*, 365 U.S. 265, 286 (1961) (stating that dismissal for failure of the plaintiff to prosecute operates as an adjudication on the merits for purposes of Rule 41(b)) (construing an earlier version of the rule). Here, the dismissal order did not state that the dismissal was not an adjudication on the merits, nor did the dismissal fall within any of the stated exceptions. Therefore, the district court's dismissal of the complaint in the first action for failure to prosecute was a final adjudication on the merits. The failure to state whether the dismissal was with prejudice or not is immaterial where the terms "adjudication on the merits" and "with prejudice" are interchangeable. *Stewart*, 297 F.3d at 956.

Third, all of the parties named in the second action were named in the first complaint. The complaint in the second action differs only in the omission of one defendant, the omission of one claim for abuse of process, and in the new factual allegations about events that had occurred after the first filing and which plaintiffs do not make the basis for any new claims.

The Koshaks retained a right to timely appeal the district court's involuntary dismissal of the first complaint, Fed. R. App. P. 4(a), a right to request leave to amend beyond the extension already granted to them, Fed. R. Civ. P. 15(a)(2), and a right to file an amended complaint as a matter of course for 21 days after service

of the responsive motion to dismiss (September 3, 2013), Fed. R. Civ. P. 15(a)(1). The Koshaks exercised none of these rights.

The Koshaks' argument that *res judicata* is not properly before the court on appeal is not persuasive. The issue was raised in the motion to dismiss in the district court, and was similarly raised in the answering briefs in this appeal. Although the district court dismissed the second complaint under the *Rooker-Feldman* doctrine, *see Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003), we may affirm the district court on any grounds supported by the record, *Recording Indus. Ass'n of Am. v. Diamond Multimedia Sys., Inc.*, 180 F.3d 1072, 1076 n.3 (9th Cir. 1999).

Finally, we deny the pending motions for judicial notice because the submitted materials are not necessary to resolve this appeal.

**AFFIRMED.**