**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KATHLEEN CALLAN,

        Plaintiff - Appellant,

v.

NEW YORK COMMUNITY BANK,

        Defendant - Appellee.

No. 13-17198

D.C. No. 4:12-cv-03563-SBA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted March 15, 2016[**]

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Kathleen Callan appeals from the district court's judgment dismissing her

action alleging state law claims relating to the foreclosure of her property. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis of res

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judicata. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed Callan's action as barred by the doctrine of res judicata because Callan could have raised her claims in her prior California state court action, which involved the same primary right, the same parties, and resulted in a final judgment on the merits. *See Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 24 Cal. Rptr. 3d 543, 557 (Ct. App. 2004) (setting forth elements of res judicata under California law).

The district court did not abuse its discretion in sua sponte taking judicial notice of Callan's complaint, New York Community Bank's demurrer, and the resulting judgment in Callan's state court action and considering these documents in ruling on the motion to dismiss. *See* Fed. R. Evid. 201(c), (d) (a court "may take judicial notice on its own" at any stage of the proceeding); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record"); *see also Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) ("[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment . . . ." (citation and internal quotation marks omitted)). Contrary to Callan's contention, these documents were not hearsay because they were not offered to prove the truth of the

matter asserted.  *See United States v. Boulware*, 384 F.3d 794, 806 (9th Cir. 2004) ("A prior judgment is not hearsay . . . to the extent that it is offered as legally operative verbal conduct that determined the rights and duties of the parties.").

We do not consider New York Community Bank's argument that the district court did not have supplemental jurisdiction over Callan's state law claims because the district court had original jurisdiction over these claims under 28 U.S.C. § 1332.

New York Community Bank's request for judicial notice, filed on May 9, 2014, is granted.

**AFFIRMED**.