**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT S. CROWLEY,

                Plaintiff - Appellant,

v.

MICHAEL BOOTHE, Dr.; LAURA
BROOKS, MS, LPA,

                Defendants - Appellees.

No. 15-35204

D.C. No. 3:13-cv-00106-TMB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief Judge, Presiding

Submitted April 13, 2016[**]

Before: FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Alaska state prisoner Robert S. Crowley appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious dental needs. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a dismissal on the basis of res judicata. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed Crowley's action as barred by the doctrine of res judicata because Crowley alleged nearly identical claims against defendants, or their privies, in a prior federal action in which there was a final judgment on the merits. *See id.* (elements of res judicata); *United States v. Schimmels (In re Schimmels)*, 127 F.3d 875, 881 (9th Cir. 1997) (privity for purposes of the doctrine of res judicata is a "legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved" (citation and internal quotation marks omitted)); *see also* Fed. R. Civ. P. 41(b) (dismissal for failure to prosecute or comply with a court order "operates as an adjudication on the merits").

Contrary to Crowley's contention, the district court did not abuse its discretion in granting defendants leave to file a motion to dismiss after the deadline for dispositive motions had passed because defendants demonstrated good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607, 609 (9th Cir. 1992) (setting forth standard of review and "good cause" requirement to modify a scheduling order).

15-35204

Appellees' "Motion to Strike Appellant's Request for Status Update Hearing," filed on January 25, 2016, is denied.

**AFFIRMED.**