NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GRACIELA SOLORIO, | No. 14-17192 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-01284-LJO-BAM |
| v. | |
| COUNTY OF FRESNO; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted August 16, 2016[**]

Before:     O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Graciela Solorio appeals pro se from the district court's judgment dismissing

her employment action alleging federal and state claims.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo the district court's dismissal of an

action based on res judicata.  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2002). We affirm.

The district court properly dismissed Solorio's action as barred by the doctrine of res judicata because the claims were based on the same primary right asserted in a prior state court action that was dismissed. *See Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) ("To determine the preclusive effect of a state court judgment federal courts look to state law. . . . California's res judicata doctrine is based on a primary rights theory" (citation omitted)); *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 24 Cal. Rptr. 3d 543, 557 (Ct. App. 2004) (setting forth elements of res judicata under California law).

The district court did not abuse its discretion in denying Solorio's motion to reconsider because Solorio failed to put forth any basis that would warrant reconsideration. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (setting forth standard of review); *see also Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (reconsideration under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" (citation and internal quotation

14-17192

omitted)).

**AFFIRMED.**