NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 4 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CRAIG BRIAN COOPER,

Plaintiff-Appellant,

v.

FELIX IGBINOSA, Chief Medical Officer; et al.,

Defendants-Appellees.

No. 15-17239

D.C. No. 1:14-cv-01297-LJO-DLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted October 25, 2016[**]

Before: LEAVY, SILVERMAN, and GRABER, Circuit Judges.

California state prisoner Craig Brian Cooper appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising from his contraction of valley fever. We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We may affirm on any ground supported by the record. *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998). We affirm.

The district court properly dismissed Cooper's claims against defendants Igbinosa and Yates as barred by the doctrine of res judicata because Cooper's claims were raised, or could have been raised, in prior actions between the parties that resulted in final judgments on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (setting forth elements of res judicata and explaining that the doctrine of res judicata bars subsequent litigation both of claims that were raised and those that could have been raised in the prior action).

Dismissal of Cooper's claims against defendants Cate and Schwarzenegger was proper because Cooper filed this action more than eight years after he contracted valley fever in 2006. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury actions); Cal. Civ. Proc. Code § 352.1 (statutory tolling for up to two years due to incarceration); *Knox v. Davis*, 260 F.3d 1009, 1012-13 (9th Cir. 2001) (for § 1983 claims, federal courts apply the forum state's

personal injury statute of limitations and apply federal law to determine accrual; a § 1983 claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the action).

Cooper's contentions regarding the discovery rule, relation back doctrine, and continuing tort doctrine are unpersuasive.

All pending motions are denied as unnecessary.

**AFFIRMED.**