NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NIKI-ALEXANDER SHETTY, FKA Satish Shetty,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>LSF9 MASTER PARTICIPATION TRUST, a Delaware Statutory Trust; et al.,<br><br>Defendants-Appellees. | No. 17-55405<br><br>D.C. No. 2:16-cv-09362-SJO-FFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Niki-Alexander Shetty, FKA Satish Shetty, appeals pro se from the district

court's judgment dismissing his diversity action alleging pre-foreclosure claims

related to a non-party borrower's refinance loans.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo the district court's dismissal on the basis of res judicata. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed Shetty's action as barred by the doctrine of res judicata because Shetty's claims were raised, or could have been raised, in prior actions between the parties or their privies, and those prior actions resulted in final judgments on the merits. *See id.* (setting forth elements of res judicata under federal law and noting that the doctrine of res judicata bars subsequent litigation both of claims that were raised and those that could have been raised in a prior action); *see also Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) ("Even when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." (citation and internal quotation marks omitted)).

Contrary to Shetty's contentions, the district court did not err by deciding defendants' motion to dismiss without converting it into a motion for summary judgment. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) ("[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment . . . ." (citation and internal quotation marks omitted)).

We reject as without merit Shetty's contention that the district court lacked

jurisdiction to render judgment in favor of appellee U.S. Bank Trust N.A.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**