**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHNATHAN S. WILLIAMS, AKA Jonathan Samuel Williams, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> KURK, Dr.; et al., <br><br> Defendants-Appellees. | No. 15-17402 <br><br> D.C. No. 2:11-cv-02526-WBS-CMK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted July 10, 2018[**]

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Johnathan Williams, AKA Johnathan Samuel Williams, a California state

prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C.

§ 1983 action alleging deliberate indifference to his serious dental needs.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal on the basis

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

of res judicata, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002), and we affirm.

The district court properly dismissed Williams's action on the basis of res judicata because Williams's claim was raised, or could have been raised, in his prior action between the same parties, and the prior action resulted in a final judgment on the merits. *See id.* (explaining requirements for res judicata under federal law and that res judicata bars "any claims that were raised or could have been raised in a prior action" (citation, internal quotation marks, and emphasis omitted)). Contrary to Williams's contention, res judicata applies even though defendants were not served in the prior action.

Williams's appeal of the denial of his motions for preliminary injunctive relief is moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1449-50 (9th Cir. 1992) (when underlying claims have been decided, reversal of denial of preliminary injunctive relief would have no practical consequences, and the issue is therefore moot).

The district court did not abuse its discretion by denying Williams's motion for reconsideration because Williams failed to demonstrate any grounds warranting relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Fed. R. Civ. P. 60(b)).

We reject as meritless Williams's contentions that the district court erred in its decisions regarding Williams's appointed counsel; that there was misconduct by the magistrate judge that affected Williams's right to due process and equal protection; and that his cell searches affected the outcome of this case.

Williams opposed request for judicial notice (Docket Entry No. 21) is denied.

**AFFIRMED.**