**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-35839 |
| Plaintiff-Appellee, | D.C. No. 3:16-cv-00046-EJL-CWD |
| v. | |
| GARY RAYMOND HARVEY; BERNICE C. HARVEY, | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted September 12, 2018**

Before:     LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Gary Raymond Harvey and Bernice C. Harvey appeal pro se from the

district court's summary judgment for the United States in its action to reduce to

judgment federal income tax assessments for tax years 1989-1992, 1994-1999, and

2003-2005.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hughes v. United States*, 953 F.2d 531, 541 (9th Cir. 1992). We affirm.

The district court properly granted summary judgment for the government to reduce assessments to judgment because the government submitted Form 4340, Certificates of Assessment, for tax years 1989 to 1992, 1994 to 1999, and 2003 to 2005, and the Harveys failed to raise a genuine dispute of material fact as to the insufficiency of the government's evidence for those tax years. *See Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997) (Internal Revenue Service assessments for unpaid taxes entitled to presumption of correctness unless taxpayer submits competent evidence that the assessments were "arbitrary, excessive, or without foundation"); *see also Hughes*, 953 F.2d at 535 (absent contrary evidence, official certificates, such as a Form 4340, constitute proof of fact that assessments were actually and properly made).

Contrary to the Harveys' contentions, the district court properly concluded that the government's action was timely filed because their offers-in-compromise tolled the limitations period. *See* 26 U.S.C. §§ 6331(i)(5), (k)(1), 6502(a)(1). Further, the government timely reinstated the federal tax liens against Gary Harvey during the pendency of the action because the government's filing of this action extended the limitations period. *See* 26 U.S.C. §§ 6325(f)(2), 6502(a). Finally, the district court properly concluded that this action was not barred by the doctrine of res judicata because the claims in this action were not raised or could not have

been raised in Gary Harvey's prior criminal action. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

We reject as without merit the Harveys' contentions regarding double jeopardy, the authority of the district court, and the applicability of the Uniform Commercial Code.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**