NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FAIRILLIA TURNER, | No. 19-16915 |
| Plaintiff-Appellant, | D.C. No. 5:19-cv-00993-LHK |
| v. | |
| THE BANK OF NEW YORK MELLON, FKA Bank of New York, As Trustee For The Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-AL1, Mortgage Pass-Through Certificates, Series 2007-AL1, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted January 20, 2021[**]

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Fairillia Turner appeals pro se from the district court's judgment dismissing

her action alleging federal and state law claims arising from foreclosure-related

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

proceedings concerning a loan secured by a deed of trust on her property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal based on res judicata. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed Turner's action as barred by res judicata because Turner's claims were raised, or could have been raised, in Turner's prior state court action, which involved parties in privity, and resulted in a final judgment on the merits. *See Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148-49 (9th Cir. 2010) (elements of res judicata under California law); *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1202 (2004) ("Res judicata bars the litigation not only of issues that were actually litigated but also issues that could have been litigated.").

The district court properly denied Turner's motion to remand her action to state court because the district court had subject matter jurisdiction under 28 U.S.C. § 1331 and the action was properly removed under 28 U.S.C. § 1441. *See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 n.2 (9th Cir 2004) (denial of a motion to remand a removed case is reviewed de novo).

The district court did not abuse its discretion in denying Turner leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of

review and stating that leave to amend may be denied where amendment would be futile).

We reject as meritless Turner's contention that the district court failed to liberally construe her complaint.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**