NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHANHT REATREY KEO, | No. 19-16984 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-02688-RS |
| v. | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, a corporation organized and existing under the laws of the United States of America ("Freddie Mac"), | MEMORANDUM* |
| Defendant-Appellee, | |
| FEDERAL HOUSING FINANCE AGENCY, as Conservator of Federal Home Loan Mortgage Corporation, | |
| Intervenor-Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Chanht Reatrey Keo appeals pro se from the district court's judgment dismissing her foreclosure-related action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal based on res judicata. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal of Keo's constitutional claim was proper because the Federal Home Loan Mortgage Corporation ("Freddie Mac") is not subject to the due process clause of the Fifth Amendment. *See Am. Bankers Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 75 F.3d 1401, 1409 (9th Cir. 1996) ("Freddie Mac is not a government agency subject to the Fifth Amendment's Due Process Clause.").

Dismissal of Keo's cancellation of instruments claim was proper because Keo failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)); *see also Thompson v. Ioane*, 218 Cal. Rptr. 3d 501, 511-12 (Ct. App. 2017) (elements of a cancellation of instruments claim under California law).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

2                                                                        19-16984

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**