**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH B. NEAL,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>SELECT PORTFOLIO SERVICING, INC.;<br>U.S. BANK, N.A., Successor Trustee to<br>Bank of America, NA Successor in Interest<br>to La Salle Bank NA, as Trustee on Behalf of<br>the Holders of WAMU Mortgage Pass-<br>Through Certificates Series 2007-OA6;<br>JPMORGAN CHASE BANK, N.A.,<br><br>　　　　Defendants-Appellees. | No. 21-15588<br><br>D.C. No. 5:20-cv-07127-EJD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted May 17, 2022[**]

Before:　　CANBY, TASHIMA, and NGUYEN, Circuit Judges.

　　Ralph B. Neal appeals pro se from the district court's judgment dismissing

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his diversity action alleging various claims related to his mortgage. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed Neal's claims against the moving defendants on the basis of claim preclusion because Neal raised, or could have raised, his claims in his prior federal actions, which involved the same parties or their privies and resulted in final judgments on the merits. *See id.* (setting forth elements of federal claim preclusion); *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386 (Cal. 2015) (setting forth elements of claim preclusion under California law); *see also Taylor v. Sturgell*, 553 U.S. 880, 891 & n.4 (2008) (explaining that the preclusive effect of judgments in diversity cases is determined by the preclusion rules applied by the state in which the rendering court sits, and preclusive effect of judgments in federal-question cases is determined by federal claim preclusion rules); *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (explaining privity for purposes of federal claim preclusion); *City of Martinez v. Texaco Trading & Transp. Inc.,* 353 F.3d 758, 764 (9th Cir. 2003) (explaining privity for purposes of claim preclusion under California law).

The district court properly dismissed Neal's claims against the defendants

who did not move to dismiss the complaint. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").

The district court did not abuse its discretion by declaring Neal a vexatious litigant and imposing pre-filing restrictions because the district court gave Neal notice and the opportunity to oppose the pre-filing order, created a record adequate for review, made substantive findings of frivolousness, and tailored the order narrowly to prevent the abusive conduct. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-58 (9th Cir. 2007) (setting forth standard of review and factors a district court must consider before imposing a pre-filing restriction on a vexatious litigant).

The district court did not abuse its discretion by dismissing Neal's complaint without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may dismiss without leave to amend when amendment would be futile).

21-15588

We reject as without merit Neal's contention that the district court was biased.

**AFFIRMED.**

21-15588