**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BIG SKY CIVIL TR, | No. 21-15563 |
| Plaintiff-Appellant, | D.C. No. 5:20-cv-07535-SVK |
| and | |
| DAVID STEVEN BRAUN, TTEE, | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| OATH HOLDINGS, INC., | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan G. Van Keulen, Magistrate Judge, Presiding[**]

Submitted June 15, 2022[***]

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Big Sky Civil Tr appeals pro se from the district court's judgment dismissing its diversity action alleging issues with David Steven Braun's Yahoo e-mail account. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) based on claim preclusion. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed appellant's action on the basis of claim preclusion because the claims were raised, or could have been raised, in a prior diversity action that involved the same primary rights and parties, or their privies, and resulted in a final judgment on the merits. *See Taylor v. Sturgell*, 553 U.S. 880, 891 n.4 (2008) ("For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the state in which the rendering court sits."); *City of Martinez v. Texaco Trading & Transp. Inc.*, 353 F.3d 758, 762-64 (9th Cir. 2003) (setting forth elements of claim preclusion under California law and explaining privity and primary rights theory).

To the extent that appellant alleges claims based on Oath Holdings, Inc.'s discovery objections in a prior action, the district court properly dismissed those claims as barred by the litigation privilege. *See Graham-Sult v. Clainos*, 756 F.3d 724, 741 (9th Cir. 2014) (discussing California's litigation privilege).

The district court did not abuse its discretion by dismissing appellant's

21-15563

complaint without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may dismiss without leave to amend when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellant's request to stay the appeal, set forth in the reply brief, is denied.

**AFFIRMED.**